```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARJINDER SINGH and LAKHVIR
KAUR,
                                                                      MEMORANDUM & ORDER
                       Plaintiffs,                                        12-CV-5047 (RRM)

       - against -

UNITED STATES OF AMERICA, et al.,

                       Defendants.
------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

   Plaintiffs Harjinder Singh and Lakhvir Kaur commenced this action on October 9, 2012, challenging the denial of Singh's Application for an Adjustment of Status by the United States Citizenship and Immigration Services ("USCIS"). (Doc. No. 1.) Before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 12.) For the reasons that follow, defendants' motion is GRANTED.

## STANDARD OF REVIEW

   On a motion to dismiss, the Court's review is "limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). To withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

Where jurisdiction is challenged, "[t]he party invoking federal jurisdiction bears the burden of establishing" that jurisdiction actually exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Sharkey v. Quarantillo*, 541 F.3d 75, 82-83 (2d Cir. 2008). Thus, plaintiffs are required to allege facts that, if true, would confer jurisdiction on this Court. "At the pleading stage, general factual allegations . . . may suffice [to establish jurisdiction], for on a motion to dismiss [the Court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Sharkey*, 541 F.3d at 83 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**FACTUAL BACKGROUND**

Plaintiff Singh is a native and citizen of India, whose visa expired on August 17, 1992. (Compl. (Doc. No. 1) ¶ 13.) On October 22, 1996, Singh married Jacqueline Whiting, a United States citizen, in New York. (*Id.* ¶ 14.) Following the marriage, Whiting filed an Alien Relative Petition (USCIS Form I-130) on Singh's behalf and Singh simultaneously filed an Application for Adjustment of Status (USCIS Form I-485). (*Id.*) On or about May 16, 2001, the USCIS denied Singh's I-485 Application. (*Id.* ¶ 15.)

On January 2, 2003, Singh's employer petitioned for an employment visa on his behalf. (*Id.* ¶ 17.) That petition was approved. (*Id.*) Singh and Whiting divorced on August 15, 2006. (*Id.* ¶ 16.) One year later Singh filed a second I-485 Application. (*Id.* ¶ 17.) The USCIS issued Singh a Request for Evidence, seeking documentation establishing the bona fides of his marriage to Whiting. (*Id.* ¶ 18.) Singh submitted copies of joint bank account statements from the years 1997 through 1999, as well as copies of the debit cards for those accounts. (*Id.*) On March 11, 2011, the USCIS denied Singh's second I-485 Application. (*Id.* ¶ 19.)

On April 12, 2011, Singh moved to reopen and reconsider the denial of his second application based on a belief that he was eligible for "grandfathering" under the Immigration and Nationality Act ("INA"). (*Id.* ¶ 20.) In support of his motion, Singh submitted additional evidence, including a copy of his marriage certificate, Whiting's birth certificate, an affidavit from Whiting, and three photographs of Singh and Whiting together. (*Id.*; Exs. C-F.) On February 17, 2012, the USCIS granted Singh's motion to reopen and reconsider his case but again denied his I-485 Application. (*Id.* ¶ 20.) The denial was based on a finding that Singh had failed to prove his marriage to Whiting was bona fide and therefore could not show that the Petition filed by Whiting was "approvable when filed." (*Id.* ¶ 21.) On March 12, 2012, Singh filed another motion to reconsider, which was dismissed. (*Id.* ¶ 22.)

Plaintiffs then brought this action on October 9, 2012, challenging the denial of Singh's I-485 Application.[1] Pursuant to Rule 12(b)(1), defendants have moved to dismiss the complaint on the ground that this Court lacks jurisdiction over the UCSIS's denial of Singh's application. (Defs.' Mem. in Supp. (Doc. No. 12-1) at 5-9.) In the alternative, defendants argue that they are entitled to summary judgment on plaintiffs' claims under Rule 56. (*Id.* at 10-12.) Plaintiffs argue that this Court has jurisdiction under the Administrative Procedure Act ("APA").[2]

## DISCUSSION

Applications for an adjustment of immigration status are governed by the provisions of the INA. Pursuant to section 1255(a) of that Act, "[t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his

---

[1] The only allegations in the complaint concerning Plaintiff Kaur are that she "is Mr. Singh's [current] wife, and filed an Application for Adjustment of Status . . . as the . . . derivative beneficiary of her husband's approved visa petition." (Compl. ¶ 1.)

[2] Technically, the APA itself does not confer jurisdiction. *See Califano v. Sanders,* 430 U.S. 99, 107 (1977); *Sharkey*, 541 F.3d at 84. Rather, the authority to hear a case flows from the Court's federal question jurisdiction, which confers jurisdiction in suits that "arise[] under" a "right of action" created by the APA. *See* 28 U.S.C. § 1331; *Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988).

discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence" if certain criteria are met. 8 U.S.C § 1255(a). Singh, however, was not eligible for an adjustment of status under this section because he was not lawfully present in the United States at the time of his application. *See id.* § 1255(c). Still, an adjustment may be granted if the applicant is eligible for "grandfathering" under the INA. *See id.* § 1255(i)(1)(B)(i); *Butt v. Gonzales*, 500 F.3d 130, 132-33 (2d Cir. 2007). In order to be grandfathered, Singh "must be the beneficiary of either a petition for classification under section 204 of the INA, filed on or before April 30, 2001, or an application for a labor certification under section 212(a)(5)(A) of the INA, filed on or before April 30, 2001." *Butt*, 500 F.3d at 132 (internal citations omitted) (emphasis omitted).

The parties do not dispute Singh's eligibility for consideration under above criteria.[3] However, in order to be eligible for grandfathering, Singh's application must also have been (1) "properly filed" and (2) "approvable when filed." 8 C.F.R. § 245.10(a)(1)(i)(B). "Approvable when filed" means that the application must have been "properly filed, meritorious in fact, and non-frivolous." *Id.* § 245.10(a)(2)(3). Where an application was based on marriage to a United States citizen, proving that the application was "meritorious in fact" requires an adequate showing that the marriage was bona fide. *See In Re Riero*, 24 I. & N. Dec. 267 (BIA 2007) (concurring with the holding in *Lasprilla v. Ashcroft*, 365 F.3d 98 (1st Cir. 2004), and finding "that in order for a visa petition to be 'approvable when filed' in this context, there must be a showing that the marriage on which it is based was bona fide").

Plaintiffs contend that this Court has subject matter jurisdiction over the denial of Singh's I-485 Application and may grant relief under the APA. (Compl. ¶¶ 4-6.) Defendants, on the

---

[3] Section 204 governs petitions for an adjustment of status for spouses, which includes the Alien Relative Petition filed by Whiting. *See* 8 C.F.R. § 204.2(a).

4

other hand, maintain that section 1252(a)(2)(B) of the INA deprives the Court of jurisdiction. (Defs.' Mem. in Supp. at 7-10.) Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA tempers this general right of review, however, by providing that "[n]othing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id.*

In this regard, section 1252(a)(2)(B) of the INA states:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

*Id.* The INA further provides that "nothing . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." *Id.* at § 1252(a)(2)(D).

Thus, while federal law recognizes a "strong presumption in favor of judicial review of administrative action," *INS v. St. Cyr*, 533 U.S. 289, 298 (2001), it is clear that the right of action granted in section 702 of the APA is limited by the jurisdiction-stripping provision of section 1252(a)(2)(B) of the INA. *Cf. Sharkey*, 541 F.3d 75, 84-85. Therefore, plaintiffs can obtain review of the USCIS's denial of Singh's application only if that action was outside the ambit of section 1252(a)(2)(B) or within the exclusion of section 1252(a)(2)(D).

5

Here, plaintiffs seek relief from a judgment denying relief under section 1255, which governs the adjustment of status of a nonimmigrant to that of a person admitted for permanent residence. *See* 8 U.S.C. § 1255. The complaint does not allege "constitutional claims or questions of law" in a petition filed in the Court of Appeals.[4] Accordingly, whether judicial review of the USCIS's denial of Singh's application is available in this Court turns on whether that denial was an exercise of discretionary authority.

In *Sepulveda v. Gonzales*, 407 F.3d 59 (2d Cir. 2005), the Second Circuit held that "consistent with the decisions of other circuits . . . § 1252(a)(2)(B) does not bar judicial review of nondiscretionary, or purely legal, decisions . . . ." *Id.* at 63. And in their opposition to the instant motion, plaintiffs urge that this Court need decide only a purely legal decision: that is, "[w]hether Mr. Singh must establish . . . the bona fides of his marriage at the time of its inception, or whether he must show that the marriage never deteriorated and that he remained faithful throughout is an issue of law and not an issue of discretion." (Pls.' Mem. in Opp. at 5.) However, plaintiffs' argument is wholly belied by the claims pled and the relief sought in this action.

Plaintiffs complaint asks this Court to "review the USCIS decision" and seeks injunctive relief mandating that the USCIS "be enjoined from denying the application filed by [Singh]" and "approve [plaintiffs'] applications for adjustment of status." (Compl. at 9.) Plaintiffs' prayer for relief also asks this Court to "[d]eclare that Plaintiff Harjinder Singh is statutorily eligible for adjustment of status." (*Id.*) These requests are clear attempts to undermine discretionary agency

---

[4] Plaintiffs cite *Cruz-Miguel v. Holder*, 650 F.3d 189, 193 (2d Cir. 2011), for the proposition that "[t]his court retains jurisdiction to review 'constitutional claims or questions of law raised upon a petition for review' . . . ." (Compl. ¶ 26.) This is a blatant misreading of section 1252(a)(2)(D). "Even assuming . . . that [the] complaint actually [] raise[s] 'constitutional claims or questions of law,' [that] argument ignores the statute's requirement that any such claims must be raised 'upon a *petition for review filed with an appropriate court of appeals.*'" *Shabaj v. Holder*, 704 F.3d 234, 238 (2d Cir. 2013) (emphasis in original). Therefore, while the Court of Appeals may have jurisdiction to review constitutional claims or questions of law under section 1252(a)(2)(D), this court does not. *Id.*

6

determinations. Since the USCIS accepted and considered Singh's application (*see id.* ¶¶ 14-22), there is no question that he was found eligible to *apply* for an adjustment.[5] The declaration plaintiffs actually seek is that Singh *met* the statutory requirements. (*See id.* at 9.) In short, plaintiffs ask this Court to review and alter the USCIS's determination that Singh failed adequately to prove the bona fides of his marriage. Under the INA, a petitioner must "establish by clear and convincing evidence that the prior marriage was not entered into for the purpose of evading the immigration laws." 8 C.F.R. § 204.2(a)(1)(i)(C). Thus, to accord the relief requested by plaintiffs this Court would be required to determine "whether the [USCIS's] decision was correct or a proper exercise of discretion." *Sharkey*, 541 F.3d at 85. Such a determination is squarely within the prohibition of section 1252(a)(2)(B). *See Sharkey*, 541 F.3d 75, 84-85; *cf. Ansah v. Napolitano*, No. 12-CIV-5205 (PKC), 2013 WL 247984, at *2 (S.D.N.Y. Jan. 23, 2013).

## CONCLUSION

For the forgoing reasons, this Court lacks jurisdiction to review the denial of Singh's Application for an Adjustment of Status. Accordingly, defendant's motion to dismiss (Doc. No. 12) is GRANTED.

The Clerk of Court is directed to dismiss this action, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 24, 2013

*Roslynn R. Mauskopf*
───────────────────────
ROSLYNN R. MAUSKOPF
United States District Judge

---

[5] As noted above, the USCIS also granted a motion to reopen and reconsider Singh's case.